■ PLEASANT RIDGE TOWNHOUSES HOMEOWNERS' ASSOCIATION, INC., Respondent, v TOWN OF MOUNT PLEASANT, Appellant, et al., Defendant. [655 NYS2d 95] —In an action, *inter alia,* for a judgment declaring the rights and obligations of the parties pursuant to a resolution of the defendant Town of Mount Pleasant, the defendant Town of Mount Pleasant appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered January 24, 1996, which denied its motion for summary judgment declaring that it had no duty to the plaintiff with regard to the maintenance of storm drain facilities located on the plaintiff's property.

Ordered that the order is affirmed, with costs.

By Resolution No. 578-85, the defendant Town of Mount Pleasant (hereinafter the Town) accepted a dedication of

certain "water and sewer facilities" installed by the defendant T & D Construction Corporation. Thereafter, the plaintiff, Pleasant Ridge Townhouses Homeowners' Association, Inc. (hereinafter Pleasant Ridge Homeowners), commenced this action alleging, *inter alia,* that the dedication included storm sewer facilities located on its property that had proved inadequate to provide proper drainage to the property. Pleasant Ridge Homeowners sought, *inter alia,* a judgment declaring that the Town, by accepting the dedication, had become obligated to repair and maintain the storm sewers. After issue was joined, the Town moved for summary judgment contending that it had no duty to the plaintiff to maintain or repair the storm sewer facilities. In support of its motion, the Town submitted the deposition testimony of the Town Engineer, James Vanoli. Vanoli opined that "a Dedication such as No. 578-85 is intended to provide for the maintenance of the water supply system (water mains) and the sanitary sewer facilities (waste line)", not the maintenance of storm sewer facilities. The Supreme Court denied the Town's motion. We now affirm.

Critical to the determination of the Pleasant Ridge Homeowners' claim for declaratory relief is the scope of the Town's undertaking pursuant to Resolution No. 578-85. However, the evidence proffered by the Town in support of its motion for summary judgment—the testimony of Vanoli—did not address this issue. Vanoli's testimony was not based upon his personal knowledge of the facts surrounding the resolution or dedication at issue, or the storm sewers, but was rather merely his understanding and belief as to the scope of the Town's undertaking in accepting such dedications in general. Accordingly, the testimony was insufficient to warrant summary judgment in favor of the Town. *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

The Town's remaining contentions are without merit. Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.